E-FILED
Friday, 13 July, 2012 08:23:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BISHOP CARZELL GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-3434 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Following an August 2008 jury trial, a jury convicted Petitioner, Bishop Carzell Graham, of one count of Distribution of 50 Grams or More of Cocaine Base (Crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In June 2009, U.S. District Judge Scott sentenced Petitioner to 292 months imprisonment. Petitioner filed a direct appeal, and the Seventh Circuit Court of Appeals affirmed his conviction. See United States v. Plato, 629 F.3d 646 (7th Cir. 2010). This matter is now before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Motion) (d/e 1). For the reasons that follow, the Motion is DENIED.

### I. BACKGROUND

The following facts are taken from the Seventh Circuit Court of Appeals' decision on Petitioner's direct appeal.

> In July 2007 law-enforcement officers in Springfield, Illinois, began investigating Plato for dealing crack cocaine. Under the direction of federal agents, a confidential informant contacted Plato to arrange a controlled drug buy. In a series of recorded phone calls, Plato agreed to meet the informant on July 13, 2007, at the Spaghetti Warehouse restaurant in Springfield. The informant met Plato in the restaurant's parking lot. The informant was carrying more than $1,700 in marked bills and wore an audio- and video-recording device. Plato and the informant got into a black Dodge Charger. Bishop Graham was seated in the driver's seat.
> 
> The parties disagree about what happened next. The trial testimony of the informant, which the jury evidently believed, was that Graham handed him the drugs and he gave Graham the cash in return. No one disputes, however, that the informant emerged from the car moments later with approximately 63 grams of crack cocaine. The entire exchange was captured on video surveillance. The police tailed Graham out of the parking lot and eventually pulled him over for making a left turn without signaling. Plato was no longer in the vehicle; the only other occupant was Graham's companion, a Ms. Chapman. Graham advised the police that his driver's license had been revoked, and he was taken into custody. The police found the $1,700 in marked buy money in Ms. Chapman's purse.
> 
> Plato and Graham were indicted jointly on one count of distributing 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Plato agreed to cooperate with the police and participate in a controlled drug sale. The cooperation agreement eventually fell through, but not before Plato had made incriminating statements about the July 13 sale with Graham. Both defendants pleaded not guilty and were set to be tried together. Graham filed a motion for severance on the ground that the government would likely use Plato's statements to the police, and if Plato did not testify, this would violate Graham's Sixth Amendment right to confront the witnesses against him. See Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The government agreed not to

> use Plato's incriminating statements at trial but reserved the right to use them at sentencing. In light of the government's stipulation not to introduce Plato's statements at trial, the district court denied the severance motion. A three-day jury trial ensued.
>
> The trial naturally focused on the exchange that took place in the Dodge Charger in the Spaghetti Warehouse parking lot. Both defendants stipulated that Graham was the person in the driver's seat and Plato was the person in the passenger's seat in the surveillance video of the transaction. Despite his presence in the car during the sale, Graham maintained that he was an innocent bystander. He testified that the informant placed the cash in the car's center console, and Plato motioned to him to take it, which he did. Graham said that he believed Plato was paying him for some tires and rims, and that he was unaware of any drug sale and had no idea why the informant was giving Plato such a large sum of money. Graham's attorney argued in closing that Plato arranged the drug sale and Graham had unwittingly provided transportation. Graham also attacked the credibility of the government's informant.
>
> Plato did not testify at trial. His defense was simple and it took direct aim at Graham: Graham had arranged and executed the drug sale, and Plato had nothing to do with it. Plato's counsel argued in no uncertain terms that Graham was guilty.

Plato, 629 F.3d at 648-49. As stated, the jury convicted Petitioner and the Court later sentenced him to 292 months imprisonment.

On direct appeal, Petitioner argued that (1) he was deprived of his right to a fair trial because his trial was not severed from his co-defendant's trial, and (2) allowing the jurors to watch a surveillance video in slow motion violated the Sixth Amendment. See Plato, 629 F.3d at 650-52. The Seventh Circuit rejected these arguments and affirmed Petitioner's conviction. Id. at 653.

Petitioner filed his Petition in which he alleges he received ineffective

assistance of counsel at trial. The matter is now ripe for ruling.

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Here, Petitioner raises claims of ineffective assistance of counsel, which fall within the boundaries of § 2255. See, e.g., Bellavia v. United States, 1999 WL 446695, at *2 (N.D. Ill. 1999).

Specifically, Petitioner alleges counsel was ineffective for failing to challenge: (1) the traffic stop and seizure of evidence during the stop; (2) the sufficiency of the evidence ; (3) the sufficiency of a prior felony drug conviction used to enhance Petitioner's mandatory minimum sentence; and (4) the advisory sentencing guideline range. To show ineffective assistance of counsel, a petitioner must demonstrate: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense and deprived him of a fair trial, a trial with a reliable result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. A court need not address the question of counsel's performance if it is easier to dispose of the claim due to a lack of prejudice. Id. at 697; Taylor v. Bradley, 448 F.3d 942, 949 (7th Cir. 2006).

   1. *Counsel was Not Ineffective for Failure to Challenge the Traffic Stop, the Seizure of Evidence, and the Arrest Warrant*

Petitioner first alleges that he received the ineffective assistance of counsel when trial counsel failed to challenge the traffic stop, the seizure of the currency from Chapman's purse, and the arrest warrant. The Court disagrees.

With respect to the traffic stop, Petitioner does not argue he did not make an illegal turn. Petitioner argues that Officer Martin did not witness Petitioner commit the traffic violation. Instead, Martin was informed by another officer that Petitioner committed the traffic violation. The distinction between whether it was Officer Martin or another officer who witnessed the traffic violation is of no moment in this case. "Under the 'collective' knowledge doctrine, the officers who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of other officers." United States v. Nicksion, 628 F.3d 368, 376 (7th Cir. 2010). Here, law enforcement collectively knew that the confidential informant ("CI") made a

controlled purchase from Petitioner and his co-defendant shortly before the traffic stop. Petitioner was the driver of the car involved in the controlled purchase. The controlled purchase was recorded on video. Moreover, law enforcement also witnessed Petitioner commit a traffic violation. Given these facts, Officer Martin had probable cause to pull the vehicle over, both for the traffic violation and the sale of illegal drugs.

Petitioner also alleges that Chapman, the passenger in the car Petitioner was driving, was unlawfully questioned and her purse illegally searched. As the Government points out, in order to warrant suppression, Petitioner must establish a violation of his own Fourth Amendment rights. United States v. Fuesting, 845 F.2d 664, 672 (7th Cir. 1988). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128, 134 (1978). "It follows that a movant has the burden of establishing that he or she had a legitimate expectation of privacy in the place searched which was violated by the search." United States v. Fairchild, 774 F. Supp. 1544, 1557 (W.D. Wis. 1990). Petitioner has not met that burden because he has not asserted that he had an expectation of privacy in Chapman's purse.

Finally, Petitioner claims that counsel was ineffective for failing to challenge the arrest warrant because the affidavit relied on reports from an unnamed informant. However, Petitioner was not arrested pursuant to a warrant obtained based on reports from an unnamed informant. Petitioner was initially arrested in July 2007 during a traffic stop that occurred following a controlled drug buy which law enforcement had observed. During the stop, Petitioner admitted his license was revoked. The warrant issued for Petitioner's arrest that Petitioner complains of is the warrant issued after the federal complaint against Petitioner was filed in November 2007. The affidavit attached to the complaint clearly establishes probable cause.

## 2. Counsel Was Not Ineffective for the Failure to Challenge the Sufficiency of the Evidence

Next, Petitioner argues that counsel was ineffective for failing to properly move for a motion of judgment of acquittal at the end of trial. "[A] judgment of acquittal may not be granted, if at the time the motion is made, there is sufficient evidence from which a jury could reasonably find the defendant guilty beyond a reasonable doubt." United States v. Barker, 2008 WL 2783253, at *4 (N.D. Ind. 2008). Because there was overwhelming evidence of Petitioner's guilt, a motion for judgment of acquittal would have been denied and it was not objectively unreasonable for his counsel not to make the motion. See id. (citing Stone v.

Farley, 86 F3d 712, 717 (7h Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

As stated, the CI, under the direction of federal agents, contacted Petitioner's co-defendant to arrange a controlled drug buy. In a series of recorded phone calls, the co-defendant agreed to meet the informant at the Spaghetti Warehouse restaurant in Springfield. At that meeting, the CI was carrying more than $1,700 in marked bills and wore an audio- and video-recording device. Petitioner's co-defendant and the CI got into a black Dodge Charger. Petitioner was seated in the driver's seat.

The CI testified that Petitioner handed him the drugs and he gave Petitioner the cash in return. The CI emerged from the car with approximately 63 grams of crack cocaine. The entire exchange was captured on video surveillance. The police tailed Petitioner out of the parking lot and eventually pulled his vehicle over for making a left turn without signaling. The police searched the purse of Chapman, Petitioner's companion in the car, and found the $1,700 in marked buy money. Audio and video recordings of the drug transaction were presented in evidence. This constituted overwhelming evidence from which the jury could find Petitioner guilty. Accordingly, counsel was not ineffective for failing to make a

motion for judgment of acquittal because the motion would have been denied.

*3. Counsel Was Not Ineffective for the Failure to Challenge the Sufficiency of the Notice of a Prior Felony Drug Conviction used to Enhance Petitioner's Mandatory Minimum Sentence*

At the time relevant to Petitioner's criminal trial, Title 21, Section 841(b)(1)(A) provided a mandatory minimum sentence of 20 years for a defendant convicted of distributing more than 50 grams of crack and had a final prior conviction for a felony drug offense. See 21 U.S.C. § 841(b)(1)(A) (2007). In Petitioner's criminal case, the Government filed a Notice Regarding Prior Felony Drug Conviction Pursuant to 21 U.S.C. § 851 in which the Government informed Petitioner of its intent to rely on Petitioner's three prior felony drug convictions at the time of sentencing. The convictions were in Will County case nos. 94-CF-6135 (Manufacture/Delivery of a Controlled Substance), 00-CF-136 (Possession of a Controlled Substance), and 05-CF-274 (Manufacture/Delivery of a Controlled Substance). Petitioner contends counsel was ineffective for failing to challenge the sufficiency of the notice.

Initially, the Court notes the presentence report ("PSR") indicates that no conviction was entered in case no. 00-CF-136, as the case was voluntarily dismissed by the State and granted by the state trial court. Furthermore, case no. 05-CF-274 is a conviction entered against Frederick Terry, and not against

Petitioner. Therefore, of the three convictions listed in the Government's notice, only 94-CF-6135 was actually a conviction against Petitioner. Petitioner has not set forth any facts or legal arguments showing that counsel was ineffective for failing to challenge the sufficiency of the notice with respect to that conviction.

In any event, the Court notes that § 851(e) states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Therefore, Petitioner could not have challenged the conviction in Will County case no. 94-CF-6135 as the conviction was greater than five years old. See Hutchings v. United States, 2008 WL 4104361, at *4 (C.D. Ill. 2008). The courts have recognized one exception to the § 851(e) bar at sentencing. That exception is if the conviction was "obtained in violation of the right to counsel." Rodriquez v. United States, 2011 WL 2960224, at *8 (S.D. Ind. 2011) (quoting Custis v. United States, 511 U.S. 485, 487 (1994)). Petitioner has not made any showing that the 1994 conviction falls within the exception to § 851(e).

Moreover, Petitioner admitted he had a conviction in case no. 94-CF-6315 at sentencing. Defense counsel objected to the three criminal history points Petitioner received in the PSR as a result of this conviction on the basis Petitioner was 17 at

the time of the offense. When discussing this case during allocution, Petitioner admitted he took a plea, although he stated he was tricked into making a statement against himself. Additionally, Petitioner has not shown the notice was deficient in any way.

Finally, even if the Court assumed <u>arguendo</u> that counsel was ineffective, Petitioner has not shown any prejudice. Petitioner had a minimum sentence of 20 years' imprisonment as a result of the prior felony drug conviction from 1994. <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2007) (providing a mandatory minimum sentence of 20 years for a defendant convicted of distributing more than 50 grams of crack and has a final prior conviction for a felony drug offense). However, this is not a situation where the prior felony conviction caused Petitioner to be sentenced to a mandatory minimum sentence which was higher than his guideline range. In this case, Petitioner's maximum sentence, even without the notice of prior felony drug conviction, was life imprisonment. His guideline range was 292 to 365 months. Petitioner was sentenced to 292 months, well above the statutory mandatory minimum of 240 months. Therefore, even assuming the Notice of Prior Felony Drug Conviction was insufficient, Petitioner suffered no prejudice and, therefore, cannot meet the second prong of <u>Strickland</u>.

    *4. Counsel Was Not Ineffective for the Failure to Challenge the Advisory Sentencing Guideline Range*

Finally, Petitioner alleges counsel was ineffective for failing to challenge the advisory sentencing guideline range and argue for a sentence below the guideline range. The transcript of the sentencing hearing shows this argument is without merit. Counsel made numerous objections to the PSR. Moreover, counsel asked the Court "to find the guidelines are unnecessarily harsh." While counsel did not propose a specific sentence, by requesting that the Court find the guideline sentence would be unnecessarily harsh, counsel was asking for a sentence below the guideline range. Therefore, the Court rejects Petitioner's argument that counsel failed to challenge the guideline range or ask for a sentence below the guideline range.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court declines to issue a Certificate of Appealability. Petitioner has not made a substantial showing of the denial of a constitutional right as he has not shown that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For all these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a

person in Federal Custody pursuant to 28 U.S.C. § 2255 (d/e 1) is DENIED. A Certificate of Appealability is DENIED. Moreover, this Opinion renders Petitioner's Motion to Expedite Ruling (d/e 9) and Motion to Grant 28 U.S.C. § 2255 Motion (d/e 10) moot. Therefore, d/e 9 and d/e 10 are DENIED AS MOOT.

ENTER: July 12, 2012

    FOR THE COURT:

                                          s/ Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                                       United States District Judge